UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

VINCENT MORRONE,

              *Plaintiff*,

   -against-

THE PENSION FUND OF LOCAL NO. 1,
I.A.T.S.E.,

             *Defendant*.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-10-16

14 Civ. 8197 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Vincent Morrone is a participant in the pension plan of The Pension Fund of Local No. 1, I.A.T.S.E. (the "Plan"). Morrone accrued pension credits under the Plan from 1970 to 1996; went on a hiatus from 1997 to 2011; and resumed accruing credits from 2012 to 2014. Morrone contests a finding of the Plan's Board of Trustees that he is subject to the Plan's current parity rule for calculation of pension accrual rates rather than the prior five-year rule, which was added to the Plan by amendment in 1994 and removed in 1999. Morrone argues that subjecting him to the parity rule is an impermissible reduction of accrued benefits, in violation of Section 204(g) of the Employment Retirement Income Savings Act ("ERISA").

    The parties cross-move for summary judgment. The Court GRANTS Defendant's motion and DENIES Plaintiff's motion.

## BACKGROUND

    The relevant facts are undisputed. Morrone is a vested participant in the Plan. Def. 56.1 Stmt., Dkt. 19 ¶ 1. He accrued 27 annual pension credits from 1970 to 1996 and, following a

1

fifteen year hiatus, accrued 3 additional credits from 2012 to 2014. *Id.* ¶¶ 11-13. Over the years, the Plan's Board of Trustees has increased pension accrual rates. For example, in 1996, the accrual rates were $50/month in pension benefits per accrued year from 1970 to 1990, and $70/month per accrued year from 1991 to 1996. *Id.* ¶ 13. The rates have since been raised to $75/month per accrued year from 1970 to 1990, and $100/month per accrued year thereafter. *Id.* As a general matter, a Plan participant is entitled to the benefits and rates in effect when he separates from covered employment. *Id.* ¶ 43.

The Plan contains a "Protracted Absence" clause, which determines the applicable pension accrual rates where, as here, a participant has a hiatus of at least a year. *See* Def. 56.1 Stmt., Dkt. 25 ¶ 7. Prior to 1994, a parity rule applied, under which pre-hiatus years are credited with current accrual rates only if the participant works at least as many years post-hiatus as he worked pre-hiatus. Pl. 56.1 Stmt. ¶ 15. In 1994, the Plan was amended to supersede the parity rule with a five-year rule, under which a participant simply has to work five years post-hiatus to receive current rates for pre-hiatus years, regardless of the number of years worked pre-hiatus. *Id.* ¶ 23. In 1999, the five-year rule was amended out of the Plan, thus reinstating the parity rule. *Id.* ¶¶ 42, 43.

On February 12, 2013, Morrone requested an estimate of his pension benefits. *Id.* ¶ 46. The next day, a Plan supervisor sent Morrone an estimate that applied pre-hiatus accrual rates to his pre-hiatus years since Morrone had not worked at least as many post-hiatus as he worked pre-hiatus, as required by the parity rule. *Id.* ¶ 47. Morrone appealed the supervisor's calculation to the Board, which denied the appeal and subsequent request for reconsideration. *Id.* ¶¶ 48, 50, 56.

## DISCUSSION

### I. Applicable Law

ERISA authorizes a plan participant to bring a civil action "to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Where the question is whether a plan complies with ERISA, the court reviews a plan administrator's determinations *de novo*. *Wilkins v. Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 581 (2d Cir. 2006).

Section 204(g) of ERISA, commonly referred to as the anti-cutback rule, provides that "[t]he accrued benefits of a participant under a plan may not be decreased by an amendment of the plan." 29 U.S.C. § 1054(g). The rule also provides that "a plan amendment which has the effect of [] eliminating or reducing . . . a retirement-type subsidy . . . with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits." *Id.*

### II. Analysis

Morrone argues that Defendant violated the anti-cutback rule (at least as applied to him) when it amended the Plan in 1999 to remove the five-year rule and reinstate the parity rule; the 1999 amendment either decreased an "accrued benefit" or reduced a "retirement-type subsidy . . . with respect to benefits attributable to service before the amendment" since the amendment increased the number of years he would have to work post-hiatus from five (under the five-year rule) to twenty-seven (under the parity rule) in order for his pre-hiatus years to be subject to current accrual rates. As such, Morrone asserts that his pension benefits should be subject to the five-year rule.

Both of Morrone's arguments fail. First, the 1999 amendment did not reduce "a retirement-type subsidy . . . with respect to benefits attributable to service before the amendment" because the benefits Morrone contests are attributable to service *after* the

3

amendment. Since Morrone did not return from his hiatus until 2012, he must accrue additional years of service long *after* the 1999 amendment—regardless of whether the parity rule or the five-year rule applies—in order to obtain the higher accrual rates he seeks. Thus, the 1999 amendment had no effect on Morrone's benefits attributable to pre-amendment service.

Second, and for substantially the same reason, the 1999 amendment was not a decrease in an "accrued benefit" more broadly. The amendment modified the conditions under which Morrone could accrue additional benefits in the future; it did not modify the benefits Morrone had already accrued in the past. *See Taylor v. Pension Plan of Pipefitters Local 537 Pension Fund*, 06 cv 12156 (DPW), 2009 WL 1812794, at *6 (D. Mass. June 11, 2009). The Supreme Court has made clear that such prospective plan changes do not violate Section 204(g). *See Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 755-56 (2004) ("[E]mployers are perfectly free to modify the deal they are offering their employees, as long as the change goes to the terms of compensation for continued, future employment.").

The 1999 amendment was lawful, and the Board properly determined that Morrone's pension benefits are subject to the parity rule.

## CONCLUSION

The Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for summary judgment. The Clerk is directed to enter judgment for Defendant and terminate 14 cv 8197.

Dated: New York, New York
February 10, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

4